UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| JOY TUBB and husband, JOHN TUBB, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 4:08-CV-47 |
| v. | ) | *Lee* |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is Defendant's motion for nontaxable expenses, including the costs of a court reporter for taking depositions, expert witness fees for depositions, and travel expenses [Doc. 51]. The motion was filed on July 20, 2010, after judgment was entered on June 21, 2010. Defendant acknowledges that these sorts of expenses are not taxed as a matter of course under Fed. R. Civ. P. 54(d)(1). *See* 28 U.S.C. § 1920 (listing expenses that may be taxed); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-43 (1987) (explaining that the list in § 1920 is exclusive).[1] To the contrary, under Fed. R. Civ. P. 54(d)(2), the party seeking expenses must timely[2] file a motion which "specif[ies] . . . the statute, rule, or other grounds entitling the movant to the award." Here, Defendant relies on Tennessee caselaw applying Tenn. R. Civ. P. 54.04(2), which places the award of discretionary costs within the trial court's reasonable discretion. *See Mass. Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 35 (Tenn. Ct. App. 2002).

---

[1] Expert witness fees are taxable only up to the amount specified by 28 U.S.C. § 1821.

[2] Under the 14-day time limit specified by Fed. R. Civ. P. 54(d)(2), Defendant's motion would be untimely. Under the Court's Local Rule 54.2, however, the motion is timely because it was filed within 30 days. *See Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685 (6th Cir. 2005) (inviting the district courts to adopt local rules extending the 14-day period).

Assuming, without deciding, that Tenn. R. Civ. P. 54.04(2) is applicable to this Court sitting in diversity, the Court is nonetheless disinclined to award nontaxable expenses here. As the Tennessee courts have held, "[p]arties are not entitled to costs under Tenn. R. Civ. P. 54.04(2) simply because they prevail at trial." *Mass. Mut.*, 104 S.W.3d at 35. In this case, Defendant lost its primary argument that it bore no duty to the Plaintiff. Under these circumstances, the award of discretionary costs is inappropriate, and Defendant's motion [Doc. 51] is **DENIED**.

SO ORDERED.

ENTER:

                                            s/*Susan K. Lee*
                                            SUSAN K. LEE
                                            UNITED STATES MAGISTRATE JUDGE